UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

KELVIN MERRITT,                )
                               )
    Plaintiff,                 )
                               )
    v.                         )    13-CV-3377
                               )
WARDEN YOUNG, et al.,          )
                               )
    Defendants.                )

**MERIT REVIEW OPINION**

Plaintiff, proceeding pro se and incarcerated in Menard Correctional Center, seeks leave to proceed in forma pauperis on his claim that Defendants failed to treat his rib fracture during his incarceration in Western Illinois Correctional Center.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

During Plaintiff's incarceration in Lawrence Correctional Center on November 11, 2011, Plaintiff injured his rib cage in a fight.  Plaintiff tried unsuccessfully to obtain treatment at Lawrence and fared no better at Western Correctional Center, where he was transferred later that month.

In particular, Defendant Dr. Baker saw Plaintiff on December 6, 2011, and described his rib injury, pain, and difficulty functioning.   Dr. Baker refused to issue a low bunk permit and would not prescribe effective pain medicine, but did order x-rays. Dr. Baker told Plaintiff that the x-rays showed no fracture, which Plaintiff did not believe because Plaintiff's rib was visibly sticking out from its usual location.  Dr. Baker and his colleagues told Plaintiff that Plaintiff has only a "knot" on his side which is cosmetic and does not require treatment.  Plaintiff alleges that Dr. Baker and his employer, Wexford Health Care Sources, Inc., have an unspoken policy of letting broken bones heal over before ordering x-rays and then declaring the injury cosmetic, in order to avoid expensive treatment.

## ANALYSIS

The Eighth Amendment prohibits cruel and unusual punishment, which in the context of this case means that Defendants cannot be deliberately indifferent to Plaintiff's serious medical needs.  Gomez v. Randle, 680 F.3d 859, 865 (7th Cir. 2012).  At this stage, the Court cannot rule out a deliberate indifference claim against Dr. Baker and Wexford Health Sources, Inc.  Wexford cannot be liable unless it has a policy which caused Plaintiff's alleged constitutional deprivation, but that determination requires a more developed record.  Jackson v. Ill. Medi-Car, Inc., 300 F.3d 760, 766 n. 6 (7th Cir. 2002)(private corporations acting under color of state law are treated as municipal entities for purposes of 42 U.S.C. Section 1983).

However, no claim is stated against Warden Young, Grievance Officer Goines, or Administrative Review Board member Benton.  These Defendants are all laypersons who responded to Plaintiff's complaints.  As laypersons, they were entitled to rely on the professional assessment of Dr. Baker and his colleagues.  Greeno v. Daley, 414 F.3d 645, 656 (7th Cir. 2005)("If a prisoner is under the care of medical experts... a nonmedical prison official will generally

be justified in believing that the prisoner is in capable hands.'")(quoted cite omitted). These three Defendants will therefore be dismissed.

**IT IS ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim against Dr. Baker and Wexford Health Sources, Inc., for deliberate indifference to Plaintiff's serious medical needs. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) Defendants Young, Goines, and Benton are dismissed for failure to state a claim against them.

3) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be

denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

  4) The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from the date the waiver is sent to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

  5) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

  6) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under

the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

    7)    This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8)   Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9)   Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10)  If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

**IT IS FURTHER ORDERED:**

**11)  The clerk is directed to attempt service on Defendants pursuant to the standard procedures.**

ENTERED:  1/7/2014  
FOR THE COURT:

    **s/Colin Stirling Bruce**  
COLIN STIRLING BRUCE  
UNITED STATES DISTRICT JUDGE